SCOTT A. KRONLAND (SBN 171693)
P. CASEY PITTS (SBN 262463)
MEGAN WACHSPRESS (SBN 310558)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: 415-421-7151
Facsimile: 415-362-8064
    skronland@altber.com
    cpitts@altber.com
    mwachspress@altber.com

*Attorneys for Defendant*
*California Faculty Association*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| William D. Brice,<br><br>                    Plaintiff,<br><br>v.<br><br>California Faculty Association,<br><br>                    Defendant. | Case No. 2:19-cv-04095-JLS-DFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS**<br><br>F.R.C.P. 12(c) and (h)(3)<br><br>Hearing Date: September 13, 2019<br>Hearing Time: 10:30 a.m.<br>Location: Courtroom 10A<br><br>Judge: The Hon. Josephine L. Staton |

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS

## Background

Plaintiff William Brice is an employee of California State University who is represented for purposes of collective bargaining by defendant California Faculty Association (the "Union"). Complaint (Doc. 1) ¶1. Prior to *Janus v. AFSCME Council 31*, 138 S.Ct. 2448 (June 27, 2018), plaintiff was a non-member of the Union who was required to pay fair-share fees for collective bargaining representation in accordance with California Government Code §3583.5. Complaint ¶¶21-23. Plaintiff's employer deducted fair-share fees from his pay until July 1, 2018, and plaintiff subsequently received a refund check for the fair-share fees deducted from June 27-June 30, 2018. Complaint ¶¶22, 25; *see also* Declaration of Paul Harris ¶¶6-11.

Plaintiff filed this suit against the Union in the Eastern District on November 30, 2018, about five months after *Janus*. The case was later transferred to the Central District. Plaintiff asserts a single cause of action under 42 U.S.C. §1983 and seeks two forms of relief. First, plaintiff seeks a declaratory judgment that the California statutes authorizing fair-share fees are unconstitutional. Complaint, p. 7. Second, plaintiff seeks – on behalf of a putative class of all non-members – damages from the Union for collecting fair-share fees prior to *Janus*. Complaint, pp. 7-8.

## Argument

**A.** Plaintiff's claim for declaratory relief should be dismissed for lack of a justiciable controversy for the same reasons this Court articulated in *Babb v. California Teachers Association*, 2019 WL 2022222 at *4-5 (C.D. Cal. May 8, 2019); *Yohn v. California Teachers Association*, 2018 WL 5264076 at *3-4 (C.D. Cal. Sept. 28, 2018); and *Babb v. California Teachers Association*, 2018 WL 7501267 at *1-2 (C.D. Cal. Dec. 7, 2018).

MPA ISO MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS,
Case No. 2:19-cv-04095-JLS-DFM

The Union and State Controller immediately complied with *Janus*, and the collection of fair-share fees for bargaining unit workers permanently ceased more than a year ago and months before this suit was filed. *See* Harris Decl. ¶¶6-11; Complaint ¶¶22, 25. "[T]he challenged conduct of collecting agency fees cannot be reasonably expected to recur" given the Supreme Court's ruling in *Janus* that they are unconstitutional and the Union's and State Controller's immediate and unequivocal compliance with *Janus*. *Yohn*, 2018 WL 5264076 at *4; *see also Lamberty v. Conn. State Police Union*, 2018 WL 5115559 at *6-9 (D. Conn. Oct. 19, 2018); *Danielson v. Inslee*, 345 F. Supp. 3d 1336, 1339-40 (W.D. Wash. 2018). Accordingly, plaintiff's claim for declaratory relief does not present a live controversy, and this Court and "every other district court to consider this issue has found [indistinguishable] claims for prospective relief moot after *Janus*." *Babb*, 2019 WL 2022222 at *4 (citing *Cook v. Brown*, 364 F.Supp.3d 1184, 1188 (D. Or. 2019); *Carey v. Inslee*, 364 F.Supp.3d 1220, 1225–27 (W.D. Wash. 2019); *Danielson*, 345 F.Supp.3d at 1339–40); *see also Lamberty*, 2018 WL 5115559 at *6-9.

**B.** Plaintiff's claim for retrospective monetary relief under 42 U.S.C. §1983 should also be dismissed as meritless for the same reasons this Court articulated in *Babb*, 2019 WL 2022222 at *5-9.

Plaintiff's complaint acknowledges that fair-share fees were authorized by California Government Code §3583.5. Complaint, ¶¶21-23. Prior to *Janus,* that statute was constitutional under then-controlling United States Supreme Court precedent.[1] *See Babb*, 2019 WL 2022222 at *6 (noting that, prior to *Janus*, CTA

---

[1] *Abood v. Detroit Bd. of Educ.*, 431 U.S. 209, 232 (1977); *Locke v. Karass*, 555 U.S. 207, 213-14 (2009); *Lehnert v. Ferris Faculty Ass'n*, 500 U.S. 507, 519 (1991); *Chicago Teachers Union, Local No. 1 v. Hudson*, 475 U.S. 292, 301-02 (1986); *Ellis v. Railway Clerks*, 466 U.S. 435, 455-57 (1984); *see also Keller v. State Bar of Cal.*, 496 U.S. 1, 9-17 (1990); *Bd. of Regents of Univ. of Wis. System v. Southworth*,

was "merely following the 40-year-precedent of *Abood*" in requiring the payment of fair-share fees (quoting *Yohn*, 2018 WL 5264076 at *4)).

      Private parties that act in good-faith reliance on presumptively valid state laws are not retrospectively liable under §1983.  As this Court recognized in *Babb*, "every district court to consider whether unions that collected agency fees prior to *Janus* have a good-faith defense to § 1983 liability [has] answered in the affirmative." *Babb*, 2019 WL 2022222 at *5 (citing *Danielson v. AFSCME Council 28*, 340 F.Supp.3d 1083, 1084-87 (W.D. Wash. 2018); *Cook*, 364 F.Supp.3d at 1190–94; *Carey*, 364 F.Supp.3d at 1227-1233; *Crockett v. NEA-Alaska*, 2019 WL 1212082, *3-6 (D. Alaska March 14, 2019); *Janus v. AFSCME, Council 31*, 2019 WL 1239780, *1-3 (N.D. Ill. March 18, 2019); *Hough v. SEIU Local 521*, 2019 WL 1785414 (N.D. Cal. Apr. 16, 2019); *Lee v. Ohio Educ. Ass'n*, 2019 WL 1323622, *2-3 (N.D. Ohio Mar. 25, 2019)); *see also Wholean v. CSEA SEIU Local 2001*, 2019 WL 1873021 (D. Conn. April 26, 2019) (same); *Akers v. Maryland State Educ. Ass'n*, 2019 WL 1745980 (D. Md. April 18, 2019) (same); *Mooney v. Ill. Educ. Ass'n*, 2019 WL 1575186 (C.D. Ill. Apr. 11, 2019) (same); *Hernandez v. AFSCME Cal.*, 2019 WL 2546195 (E.D. Cal. June 20, 2019) (same).

## CONCLUSION

   Plaintiff's complaint should be dismissed.

---

529 U.S. 217, 230-32 (2000); *Glickman v. Wileman Brothers & Elliott, Inc.*, 521 U.S. 457, 471-73 (1997).

3

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: July 8, 2019 | Respectfully submitted, |
| 3 | | ALTSHULER BERZON LLP |
| 4 | | Scott A. Kronland |
| 5 | | P. Casey Pitts |
| | | Megan Wachspress |
| 6 | | By: */s/ Scott A. Kronland* |
| 7 | | Scott A. Kronland |
| 8 | | Attorneys for Defendant |
| 9 | | California Faculty Association |